# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONICA L. NELSON,**
        **Plaintiff,**

    v.                                    **Case No. 07-C-741**

**PATRICIA A. KUJAWA, and**
**DEWITT ROSS & STEVENS S.C.,**
        **Defendants.**

## DECISION AND ORDER

On August 16, 2007, plaintiff Monica Nelson filed a pro se complaint against Dewitt Ross & Stevens S.C. ("Dewitt"), a Wisconsin law firm, and Patricia Kujawa. Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

### I. BACKGROUND

Plaintiff's grievances apparently stem from her 2000 divorce proceeding, for which Kujawa, then a Dewitt employee, was appointed to represent Nelson's fourteen-year-old daughter's interests. But the nature of plaintiff's grievances are not clear. Plaintiff obtained a form from the clerk of courts for the filing of a pro se complaint and she filled in the first part of the form regarding the identity of the parties. However, in the section of the form asking for a statement of the plaintiff's claim, plaintiff wrote only "See Attachments." Plaintiff attached the following documents:

    (1)     a document titled "Corrections," with no caption and no clear author, which appears to contain edits intended for some other document;

(2) a transcript of a March 28, 2005 hearing regarding a motion to increase plaintiff's monthly maintenance payments;

(3) a document titled "Attachment," containing the dates of October 1, 2004 and April 10, 2007, and captioned for plaintiff's state court divorce proceeding, in which someone (presumably plaintiff) complains about the divorce proceeding;

(4) a state court order dated July 28, 2003 requiring defendant Kujawa's fee to be subtracted from plaintiff's maintenance payments;

(5) a letter from plaintiff to "Mr. Alexander," dated October 25, 2004, in which plaintiff complains about several aspects of the divorce proceeding;

(6) a state court order, dated August 21, 2000, placing plaintiff's child with her father for one week;

(7) a document labeled "Complaint/Judge Daniel Noonan; Attachment," dated November 4, 2004 and captioned for plaintiff's divorce proceeding, in which someone (presumably plaintiff) complains about a state judge;

(8) a letter from plaintiff to "Judge Wells," dated August 28, 2000, in which plaintiff complains about child custody issues;

(9) a letter from plaintiff to the Office of Lawyer Regulation, dated April 21, 2003, in which plaintiff complains about defendant Kujawa; and

(10) a letter from defendant Kujawa to plaintiff, dated August 4, 2003, stating that the order regarding payment of guardian ad litem fees was enclosed.

Plaintiff included no explanation or statement along with these documents.

2

## II.  STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  It is not necessary for a plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, __ U.S. __ , 127 S. Ct. 2197, 2200 (2007) (citations omitted).  In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).  The court must give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction.  See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

Plaintiff has not filed any statement regarding her claims, much less a short or plain one.  She has literally made no allegations that I may construe liberally or otherwise.  Apparently, plaintiff expects me to find her claims in the documents addressed to other entities that she attached to the complaint form.  However, these documents do not constitute a statement of any claim; they do not give defendants fair notice of a federal claim or a state law claim appropriate for federal jurisdiction.  They merely refer to earlier state court proceedings.  It is not defendants' job to comb through state court documents in search of a law violation, nor is it my job to do so.  As such, if plaintiff's initial filing can be called a complaint at all, I will dismiss such complaint.

3

However, contrary to defendants' wishes, I will not dismiss plaintiff's case with prejudice at this time. Defendants have some experience with plaintiff, and have suggested that plaintiff may have intended to accuse them of conspiracy, fraud, legal malpractice and/or violating plaintiff's right to due process of law. They assert that plaintiff is precluded from bringing such claims under the doctrines of claim preclusion, issue preclusion and estoppel by the record. Further, they assert that the documents attached to plaintiff's blank complaint fail to plead fraud or conspiracy with the particularity required by federal law, plaintiff may not sue them for legal malpractice because she did not enter into an attorney-client relationship with them, and they did not violate plaintiff's right to due process. While I appreciate defendants' attempt to understand plaintiffs' grievances against them, I cannot conclude that plaintiff raised these or any other claims against them in her blank complaint. It would be improper for me to dismiss without prejudice claims that plaintiff may not have made. See Loubster v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006)

As such, I will dismiss plaintiff's complaint without prejudice and grant her thirty days within which to file an amended complaint. If plaintiff files an amended complaint, it must contain a short and plain statement of her claim and a demand for judgment for the relief that she seeks. See Federal Rule of Civil Procedure 8(a).[1] This statement should not contain legal arguments, but should notify defendants (and the court) of the nature of plaintiff's claims and the factual basis for them. See Twombly, 127 S. Ct. at 1965. The

---

[1] I will send plaintiff the standard form complaint for this district and a copy of Rule 8(a) along with this decision and order.

4

statement should be brief and only contain claims against the named defendants.[2] Plaintiff may attach relevant documents to her amended complaint if she wishes, but such documents cannot constitute the statement required by Rule 8(a).  If plaintiff files an amended complaint, defendants may file an answer or new motion to dismiss, or may refile their previous motion to dismiss, as appropriate.  If plaintiff does not file an amended complaint within thirty days, I will dismiss her case with prejudice.

### III.  CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint within thirty (30) days of this order.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint within thirty days of this order will result in dismissal of the present action without further order of the court.

Dated at Milwaukee, Wisconsin this 25 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge

---

[2] The space provided by this district's standard form complaint provides a helpful guideline regarding the appropriate length for a statement of claim.