# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MONICA L. NELSON,
        Plaintiff,

v.                                                                        Case No. 07-C-741

PATRICIA A. KUJAWA, and
DEWITT ROSS & STEVENS S.C.,
        Defendants.

## DECISION AND ORDER

On August 16, 2007, plaintiff Monica Nelson filed a pro se complaint against Attorney Patricia A. Kujawa and her law firm, DeWitt Ross & Stevens, S.C. On January 24, 2008, I dismissed the complaint for failure to state a claim upon which relief may be granted, but gave plaintiff an opportunity to re-plead. Plaintiff's original complaint was defective because it contained literally no allegations. Instead, plaintiff attached voluminous court records to her complaint and, apparently, wanted the court and defendants to sort through these records and identify a claim for her. In dismissing the complaint, I advised plaintiff to draft her amended complaint in accordance with Fed. R. Civ. P. 8(a), which requires only a short and plain statement of the claim. I informed plaintiff that her statement should not contain legal arguments, but should notify the defendants and the court of the nature of her claims and the factual basis for them.

On February 25, 2008, plaintiff filed an amended complaint that includes allegations. The problem is that it does not include any <u>factual</u> allegations against the named defendants, although it is replete with bare legal conclusions. (See Am. Compl. at 3-4.) The only factual allegations are that the case arises out of plaintiff's divorce, that plaintiff's

fourteen-year-old daughter was taken from her without a hearing at which she was present, and that plaintiff suspects her ex-husband and his attorney (neither of whom are named defendants) of conspiring with various judges and officers of the court in an effort to make life miserable for her. Apart from the allegations against her ex-husband and his attorney, all factual allegations are written in passive voice, leaving the reader to speculate whether the named defendants participated in these actions. The only allegations that mention the named defendants appear in eight numbered paragraphs at the end of her statement of claim. Instead of describing the named defendants' conduct, plaintiff alleges in conclusory fashion that defendants "denied her civil rights," "abused their power under color of state law," "acted negligently," "violated plaintiff's first amendment right to free speech," "acted to deliberately destroy the parent-child relationship," "denied plaintiff's property rights," and "participated in dishonest advocacy." Defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

"While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (brackets in original). The factual information supplied by plaintiff does not meet this standard, even when taking plaintiff's pro se status into account and construing her complaint liberally.

From the few facts that she has alleged, I am unable to identify any viable federal claim.[1] Therefore, the complaint must once again be dismissed.

I see no reason to give plaintiff leave to file a third complaint. Two facts that plaintiff has alleged are that Kujawa was her child's guardian ad litem during the divorce proceedings and that Kujawa worked at the DeWitt law firm. Although plaintiff alleges that defendants acted under color of state law, state-appointed guardians ad litem are not state actors subject to liability under 42 U.S.C. § 1983. Kirtley v. Rainey, 326 F.3d 1088, 1091 (9th Cir. 2003); Meeker v. Kercher, 7782 F.2d 153, 155 (10th Cir. 1986). Because plaintiff's only potential federal claims arise under the Constitution and § 1983, and because the named defendants are not state actors subject to suit for constitutional violations under § 1983, plaintiff has no viable federal claim. Granting leave to re-plead would be futile, and thus this action will be dismissed.

Moreover, I am inclined to find that this suit is frivolous and malicious.[2] At the very least, plaintiff files pleadings and motions with reckless disregard for whether they have any legitimate basis in law or fact. It is clear from plaintiff's submissions and the state court records attached to defendant's motion to dismiss that plaintiff is angry with defendants and the state court system, and that she is unrelenting in her litigation against them. In an

---

[1] I note that the parties are not of diverse citizenship, and that therefore I cannot exercise jurisdiction over any potential state law claim unless plaintiff has stated at least one claim under federal law.

[2] A claim is legally frivolous when it lacks an arguable basis in either law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

3

order dated July 3, 2007, a Wisconsin family court noted that plaintiff has been in constant litigation since her divorce in 2001.³ (Schoenfeld Decl. Ex. 7.) In that order, the court noted that "[a] pattern has developed whereby [plaintiff] has abused her right to access to the court to resolve disputes with her former husband," and found that plaintiff was making unreasonable demands on both opposing litigants and the court system. (Id.) The court recognized that plaintiff's litigation "appear[s] to be about [her] deeply felt belief [that] there is a massive conspiracy – replete with abuse of power and treachery – designed to cripple her financially." (Id.) The court therefore sanctioned plaintiff by ordering that she pay the legal fees and costs incurred by her ex-husband, commenting that "[i]t is hoped that by transferring some of the financial fallout of her ill-conceived motion back to her[,] the next time she contemplates initiating court action she will carefully look before she leaps."⁴ (Id.)

Apparently, the sanctions imposed by the state court have not had the intended effect. Plaintiff continues to initiate court proceedings without making any effort to determine whether they are legitimate. As described above, plaintiff did not even attempt to identify a proper federal claim before filing her initial complaint in this court, and when I gave her the chance to plead again, she pleaded the same massive conspiracy and cover up that she already presented to the state court. Although I cannot find that these allegations of corruption are inherently frivolous, see Loubser v. Thacker, 440 F.3d 439,

---

³Besides constant litigation in family court, plaintiff also prosecuted an appeal and filed a complaint against Kujawa with the Wisconsin Office of Lawyer Regulation, which was rejected (twice). (Schoenfeld Decl., Exs. 2-4, 9-10.)

⁴This was not the first time that the state court found that plaintiff abused her right of access to the courts. (See Schoenfeld Decl. Ex. 6, at 36.) From my review of the state court's electronic docket, it was not the last, either. (See State Court Docket Entry 216, finding plaintiff in contempt.)

4

441 (7th Cir. 2006), plaintiff in her own pleading suggests that she has no evidence of corruption other than her own theorizing and speculation, (Am. Compl. at 3 ("theorizing" that ex-husband's lawyer improperly influenced court of appeals)). While plaintiff need not supply hard evidence at the pleading stage, it is sanctionable to make factual allegations that are unlikely to be supported by real evidence (not just speculation) down the road. Fed. R. Civ. P. 11(b)(3) & (c).

Continuing her pattern of reckless court filings, plaintiff recently filed a "motion to freeze assets and enjoin title transfers." As the title suggests, plaintiff asks that I immediately freeze defendants' assets. She cites no statute, court rule, case law or other authority that would authorize such a request, and she provides no evidence that defendants are likely to hide assets from the court. This motion will be denied.

Finally, although plaintiff has requested appointed counsel, her request is yet another reckless filing. The request is simply one sentence written on a sheet of paper, is not captioned as a motion or addressed to the court, and does not indicate that plaintiff cannot afford counsel or that she has made reasonable attempts to obtain counsel on her own. Because plaintiff has not shown that she is unable to secure counsel on her own, her motion is denied. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

Pro se litigants are not entitled to present pleadings, motions or other papers to the court without first making a good faith attempt to determine whether they are warranted in law or fact. Fed. R. Civ. P. 11; Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990). Plaintiff's reckless filings impose needless costs on opposing parties as well as the courts. See, e.g., McCready v. eBay, Inc., 453 F.3d 882, 892 (7th Cir. 2006). Plaintiff is hereby warned that if she files any document with this court in the future that does not

5

comply with Fed. R. Civ. P. 11, I will impose monetary sanctions of $100 per filing plus payment of the reasonable costs and attorneys' fees incurred by her opponent in responding to the filing. So that plaintiff understands what Rule 11 requires, I have included a copy of the rule with this order. Plaintiff should pay careful attention to subsections (b)(1), (b)(2) and (b)(3), which provide that before presenting a pleading, motion, or other paper to the court, plaintiff must first make a reasonable inquiry and determine that: (1) the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. In short, before plaintiff files anything else with this court, she should make sure that she has done the legal research and factual investigation necessary to support the filing.

**For the reasons stated,**

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to freeze assets and enjoin title transfers is **DENIED**.

**FINALLY, IT IS ORDERED** that this case is **DISMISSED**, and that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge

7

**Federal Rule of Civil Procedure 11.**

**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

**(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

**(5)** *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

>**(A)** against a represented party for violating Rule 11(b)(2); or

>**(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

**(6)** *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

**(d) Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.